UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRU SEN<br><br>       Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>       Respondents. | Case No.:  26-cv-1901-CAB-VET<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Ebru Sen, an immigration detainee proceeding pro se[1], has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  As explained in detail below, the Court **DISMISSES** the Petition.

## I.   BACKGROUND

Petitioner, a citizen of Turkiye, states that she has been held in immigration custody since she and her husband entered the United States on October 21, 2025.[2]  [Doc. No. 1-2

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter.  The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

[2] Insofar as Petitioner seeks relief for her husband, Zafer Sen, the Court cannot consider such a request because "pro se litigants have no authority to represent anyone other than themselves." *Cheema v. Warden, California City Det. Facility*, No. 1:26-cv-00203-DC-DMC-HC, 2026 WL 124841 at *2 (E.D.

26-cv-1901-CAB-VET

at 1.] Petitioner alleges that she received a negative credible fear determination and was subsequently issued an expedited final order of removal on or around November 21, 2025. [*Id.* at 2.] Petitioner and her husband were then scheduled for a removal flight on November 28, 2025, but, as Petitioner claims, they refused to get out of the vehicle and board their flight because they knew they would be deported. [*Id.*] She remains in custody at the Otay Mesa Detention Center. [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *see also* Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). Indeed, "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions[.]'" *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (citing *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)). Here, the Court finds summary dismissal appropriate on multiple grounds.

The Petition primarily asks this Court to revisit the determinations made during Petitioner's expedited removal proceedings. For example, Petitioner alleges that "[t]hey didn't accept [her] case for asylum application," that she and her husband had been

---

Cal. Jan. 16, 2026); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

"continuously applying to USCIS . . . but [had not] received a positive outcome," and that "[o]ne of the injustices done to [them] here was the [immigration] judge's decision and [that they] were given a deportation order." [Petition at 2; Doc. No. 1-2 at 2.] Those allegations challenge the merits of the decisions reached by the asylum officer and immigration judge, rather than the legality of custody in a manner cognizable in habeas.

Petitioner also challenges the conditions of her confinement, including the adequacy of medical care, the facilities, and the sleeping quarters. [Doc. No. 1-2 at 1–4.] Such challenges are similarly not cognizable in a habeas action. *See Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1046 (C.D. Cal. 2020); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Finally, the Petition alleges that after a final order of removal was issued, Petitioner and her husband were scheduled for a removal flight on November 28, 2025, but refused to get out of the vehicle at the airport "because [they] understood [they] were going to be deported." [Doc. No. 1-2 at 2.] Under 8 U.S.C. § 1231(a)(1)(C), the removal period "shall be extended beyond a period of 90 days" and the noncitizen may remain in detention during that extended period if, among other things, the noncitizen "conspires or acts to prevent" removal. The Ninth Circuit has consistently applied that provision where a noncitizen's own conduct obstructed execution of the removal order. *E.g.*, *Lema v. I.N.S.*, 341 F.3d 853, 855–56 (9th Cir. 2003) (finding that § 1231(a)(1)(C) authorizes extended detention if the noncitizen fails to "cooperate fully and honestly with officials"); *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention.") Petitioner's own allegations implicate § 1231(a)(1)(C) and further support this Court's finding that the Petition does not plausibly allege unlawful detention.

///

3

## IV.    CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition for a writ of habeas corpus.  The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated: April 22, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

26-cv-1901-CAB-VET